UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| KELLY ROSE ABERNATHY GRANT, <br> Plaintiff, <br> v. <br> NANCY A. BERRYHILL, <br> Defendant. | Case No. 17-cv-05135-RMI <br><br> **ORDER DISMISSING CASE WITHOUT PREJUDICE** |

This Social Security appeal was filed on September 1, 2017. (Doc. 1.) Plaintiff's motion for summary judgment was due on May 16, 2018. (Doc. 24.) More than seven months have now elapsed since Plaintiff's motion for summary judgment was due. The motion has not been filed and Plaintiff has not otherwise communicated with the court.

On October 18, 2018, the court entered an Order to Show Cause re Dismissal. (Doc. 25.) In the order the court took judicial notice of the fact that Plaintiff's attorney of record, Kenneth J. Collins, is now deceased. The court further noted that no new attorney has substituted in to represent Plaintiff. The court therefore ordered Plaintiff to show cause, no later than November 5, 2018, why this appeal should not be dismissed without prejudice for failure to prosecute and failure to comply with a court order, citing Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) and *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). The deadline for Plaintiff to respond to the court's Order to Show Cause passed without a response from Plaintiff.

In a final effort to contact Plaintiff, the court set a telephonic status conference on December 4, 2018. (Doc. 26.) The court served a copy of the case docket, including the Clerk's

1 Notice setting the status conference, on Plaintiff at her last known address. That address was
2 courteously provided to the court by the attorney who now occupies Mr. Collins's former office.
3 Plaintiff did not appear at the status conference. (Doc. 27.) Counsel for Defendant informed the
4 court that they did not have a current address for Plaintiff. The copy of the case docket served on
5 Plaintiff was returned as undeliverable on December 18, 2018. (Doc. 29.)

"In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik*, 963 F.2d at 1260-61, quoting *Thompson v. Housing Auth*., 782 F.2d at 829, 831 (9th Cir. 1986). *See Pagtalunan*, 291 F.3d at 640 (confirming application of factors).

In this instance, Plaintiff's abandonment of her case controls the five factors set forth in *Ferdik*. Although public policy favors disposition of cases on their merits, Plaintiff's utter failure to litigate this case makes it impossible for the court to proceed. The court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to Defendant all weigh in favor of dismissal. The court has waited more than six months for Plaintiff to obtain counsel and file her motion for summary judgment, yet she has not done so and has not communicated with the court. There are no less drastic alternatives available.

Accordingly, IT IS HEREBY ORDERED that this case is dismissed without prejudice for failure to obey a court order and failure to prosecute.

**IT IS SO ORDERED.**

Dated: January 11, 2019

ROBERT M. ILLMAN
United States Magistrate Judge

2